[Crim. No. 3707. Fourth Dist., Div. One. May 4, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
BUFORD TROY COOPER, Defendant and Appellant.

**COUNSEL**

David K. Kroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**AULT, J.**—By amended information, appellant, Buford Troy Cooper, together with his codefendant, Phillip Leon Bridges, not a party to this appeal, was charged in count I with assault with intent to commit rape (Pen. Code, § 220), in count II with assault with intent to commit robbery (also Pen. Code, § 220), in count III with kidnapping for the purpose of committing robbery (Pen. Code, § 209), in count IV with robbery (Pen. Code, § 211), and in count V with assault with a deadly weapon (Pen. Code, § 245). Cooper pleaded not guilty to the five counts charged against him. At the conclusion of the People's case, the court granted his motion for acquittal, made pursuant to Penal Code section 1118.1, as to counts II and IV. The jury found him not guilty of kidnapping as charged in count III, guilty of assault with a deadly weapon as charged in count V, and was unable to reach a verdict on the charge of assault with intent to commit rape alleged in count I. The People's motion to dismiss count I in the furtherance of justice was granted. The appeal is from the judgment of conviction on count V, assault with a deadly weapon.

On appeal, appellant does not question the sufficiency of the evidence to sustain his conviction. He contends: (1) the court committed prejudicial error in admitting into evidence his statements to a police officer, obtained without advising him of his constitutional rights; (2) the court committed prejudicial error in not permitting defense counsel to elicit evidence of the prosecuting witness' contact with drugs prior to the incident in question; (3) his conviction should be reversed because of the prosecutor's prejudicial misconduct.

The incident which resulted in appellant's conviction occurred on the

afternoon of June 2, 1968, in the Mission Valley area of San Diego. Cooper and Bridges had picked up two girl hitchhikers in Bridges' car. After the first girl had been left at her home, Miss Dineen, the second girl, became apprehensive when Bridges refused to follow the route which would take her home. She asked Bridges to let her out of the car, but he continued to drive east through Mission Valley on Interstate 8. Appellant Cooper, who had climbed into the back seat of the car, placed a gun at the back of Miss Dineen's head. He told her not to move or he would blow her head off. He also told her they were going for a little ride into the country, and nothing would happen to her if she were "nice" and "cooperated." When appellant attempted to get back into the front seat, Miss Dineen climbed into the back seat of the car. A struggle ensued and she managed to snatch the gun from appellant and throw it out of the car. As the car slowed down and pulled onto the middle divider, she was able to open the door and jump out before it came to a stop. She ran toward the car of a passing motorist, who slowed to a stop when he saw the gun fall from the car and the door open while the car was still in motion on the freeway. The police were notified. The motorist was able to give a description of the car and its license number. Miss Dineen gave the police a description of the two men and of the car, including the observation its right front wind wing was broken.

The police traced the car through the Department of Motor Vehicles. On June 6, Sergeant Stout and Detective Whaley of the San Diego Police Department went to Huntington Park, California; they traced the car to Bridges and finally located Cooper and Bridges. The car had a broken right front wind wing; Bridges and Cooper fit the description given the police by Miss Dineen. The men were kept apart during the initial interrogation; both told the same basic story to Officer Whaley. They denied being in San Diego on June 2; Cooper, in addition, stated he had never been in San Diego. The incident in Mission Valley was explained briefly to them; they denied any knowledge of it, and maintained they had been together on Sunday, June 2, driving in the Los Angeles and San Fernando area. The men were placed under arrest, advised of their constitutional rights in accordance with *Miranda,* and transported to the San Diego City Jail.

■ At trial, Officer Whaley related his initial conversation with appellant, who contends his statements to the officer were erroneously received because he had not been advised of his constitutional rights at the time. His statements he had not been in San Diego on June 2, had in fact never been in San Diego, and knew nothing about the occurrence in Mission Valley appear to be exculpatory. ■ However, because the statements were untruthful, in direct conflict with other evidence, and completely contrary to the testimony given by both appellant and Bridges at the trial, they

become implied admissions showing a consciousness of guilt.[1] (*People* v. *Osslo,* 50 Cal.2d 75, 93 [323 P.2d 397]; *People* v. *Darrow,* 212 Cal. 167, 177 [298 P. 1]; *People* v. *Brooks,* 64 Cal.2d 130, 139 [48 Cal.Rptr. 879, 410 P.2d 383].) "A prior statement, although exculpating in form, may prove highly incriminating at the trial because, upon a showing of its falsity, it can constitute evidence of consciousness of guilt." (*People* v. *Underwood,* 61 Cal.2d 113, 121 [37 Cal.Rptr. 313, 389 P.2d 937].) The fact the statements were generally exculpatory in form, does not preclude appellant from questioning their admissibility. (*People* v. *Brooks, supra,* 64 Cal.2d 130, 135; *People* v. *Hillery,* 62 Cal.2d 692, 711-712 [44 Cal.Rptr. 30, 401 P.2d 382].)

■ Appellant asserts the statements were incriminating and prejudicial and were used by the prosecutor to demonstrate his untruthfulness and unreliability as a witness. He argues the case was a close one, its outcome depending in large part on whether the jury believed his version of what took place in the car or that told by the prosecuting witness. He concludes: "There can be no question but that the conduct of the entire trial, the decision of the defendants to testify on their own behalf, the arguments of counsel, and the verdict, might well have been different if Appellant's statements had not been permitted into evidence."

■ In answer to appellant's contention his statements were inadmissible because he had not been given a *Miranda* warning, the Attorney General asserts the issue has not been preserved for appeal. While co-defendant Bridges objected on *Miranda* grounds to the admissibility of his own similar statements to the police, he contends appellant's trial counsel did not raise similar objections on behalf of appellant at the trial. ■ On appeal, a defendant cannot take advantage of objections made by a co-defendant in the absence of a stipulation or understanding to that effect. (*People* v. *Ortega,* 2 Cal.App.3d 884, 894 [83 Cal.Rptr. 260]; *People* v. *Wright,* 216 Cal.App.2d 866, 871 [31 Cal.Rptr. 432].) Since there was no stipulation or understanding, the Attorney General concludes appellant failed to raise the *Miranda* issue in the trial court and is precluded from raising the issue on appeal. (*In re Dennis M.,* 70 Cal.2d 444, 462 [75 Cal.Rptr. 1, 450 P.2d 296]; *People* v. *Castro,* 257 Cal.App.2d 643, 645-646) [65 Cal.Rptr. 62].)

---

[1]Cooper and Bridges testified similarly. They admitted being in San Diego on June 2 and picking up the two girl hitchhikers. They claimed Miss Dineen "acted crazy" in the car, found the gun which Cooper had hidden in the back seat, and "pulled" the gun on them. They agreed a struggle ensued between Cooper and Dineen over the gun; the car finally stopped on the center divider; the gun was thrown out; Miss Dineen jumped from the car, followed by Cooper, who pushed her to the pavement and recovered the gun; Cooper returned to the car and the two drove away, leaving Miss Dineen in the center of the freeway.

█ The argument misses its mark, however, because it overlooks a portion of the record which demonstrates appellant, in fact, raised the *Miranda* issue at trial. While his counsel did not object to the statements when they were repeated by Officer Whaley on direct examination, he moved to strike them at the conclusion of his cross-examination after he had demonstrated they were made before appellant had been advised of his constitutional rights. Appellant's counsel asked to approach the bench where the following exchange took place:

"MR. SMART: [appellant's trial counsel] I just want the record to show, protecting it for later, that I move his testimony be stricken. I know what the answer is going to be, but I will let the record so indicate.

"THE COURT: Stricken for what reason?

"MR. SMART: That it was taken from the defendant Cooper without his being advised as to his constitutional rights.

"THE COURT: All right, motion denied."

Bridges' attorney had previously objected to the introduction of the similar statments made by his client on *Miranda* grounds; he had argued the objection extensively. Under the circumstance, we think appellant's motion to strike made it clear he was urging the same objection to the admission of appellant's statements, but did not wish to consume the court's time unnecessarily in rehashing what had previously been discussed in detail. The issue is properly before this court.

█ The trial judge overruled codefendant Bridges' objection to the introduction of his similar statements to the police because he believed the questioning was still investigatory in nature and had not yet reached the accusatory stage. We assume he denied appellant's motion to strike for the same reason. It is not necessary to determine whether the questioning had, or had not, reached the accusatory stage. Even if the trial court erroneously permitted introduction of appellant's initial statements to the police, the error does not require reversal under the circumstances. Appellant's initial statements to Officer Whaley did not constitute a confession, deemed to be prejudicial per se. (*People* v. *Dorado,* 62 Cal.2d 338, 356-357 [42 Cal.Rptr. 169, 398 P.2d 361].) The statements were not admissions in the true sense; they were exculpatory statements, designed to establish innocence, incriminating only because shown to be untruthful. Examination of the record to determine if their introduction into evidence caused prejudice under article VI, section 13, of the California Constitution, satisfies us no such prejudice occurred. (*People* v. *Hillery, supra,* 62 Cal.2d 692, 712.)

Immediately after appellant made his initial statements, he was arrested, advised of his constitutional rights and transported to San Diego. The next day Officer Whaley talked to him again in the city jail. He again gave appellant a full and complete *Miranda* warning, and appellant reiterated the story he had told the night before in Huntington Park. He denied being in San Diego on June 2, or at any other time; he denied any connection with, or knowledge of, the incident which had taken place in San Diego on that date; he insisted he had spent the day with Bridges in the Los Angeles and San Fernando Valley area. On this occasion, the statements were made after he had been advised not once, but twice, of his constitutional right to remain silent and to consult with an attorney. We find nothing to indicate appellant's second untruthful account of his activities on June 2, given after he had been advised of his constitutional rights, was induced or brought about because he had told the same exculpatory story before. It was a continued effort to maintain innocence. Appellant's contention, the original statements were prejudicial because they were used to demonstrate his untruthfulness, and to show consciousness of guilt, overlooks the fact he made the identical false statements on the second occasion after he had been advised of his rights. Evidence concerning his second falsifications was proper, and we doubt the jury was influenced by the fact he was shown to have made the untruthful statements twice. The same unfavorable inferences arise from the second series of falsehoods as from the first. Assuming evidence concerning appellant's first statements was erroneously received, we are convinced such error was harmless beyond a reasonable doubt. (*Chapman* v. *State of California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

■ Appellant's contention the trial court erred in not permitting inquiry into the prosecuting witness' contact with narcotics immediately before she accepted a ride in the car is without merit. His complaint centers upon a question asked of Miss Dineen on cross-examination by Bridges' attorney, who had established the two girl hitchhikers had been at the beach in La Jolla immediately before they had accepted the ride. He asked: "Q: What was your purpose in going down there, to get some pills or some narcotics of some kind?" The trial court sustained the prosecutor's objection to the question as irrelevant and admonished the jury to disregard it. The ruling was entirely proper. The question not only sought an irrelevant answer, but was improperly framed to insinuate the witness was of bad character because she associated with drugs and narcotics. (See Evid. Code, §§ 786, 787.) The court properly permitted the witness to be questioned as to whether she had taken any drugs or narcotics immediately prior to the incident in question. She answered in the negative, and appellant's counsel made no effort in his subsequent cross-examination to inquire further. We find no error in the trial court's ruling.

In his opening brief, appellant cites seven instances of claimed misconduct by the prosecutor which he contends warrant reversal of his conviction. We have examined all of them. In six of the seven instances, appellant made no objection at the time of trial. On the one occasion he did object to the prosecutor's improper remarks concerning a previous misdemeanor conviction, a subject brought to the jury's attention by appellant, the objection was for irrelevancy and not on the ground of prejudicial misconduct. Appellant did not at any time during the trial request the court to admonish the jury to disregard any of the prosecutor's remarks.

As a general rule, misconduct of the prosecutor may not be urged on appeal unless proper objection was interposed at the trial and unless a request was made for a curative admonition to the jury. (*People* v. *Beivelman*, 70 Cal.2d 60, 75 [73 Cal.Rptr. 521, 447 P.2d 913]; *People* v. *Asta*, 251 Cal.App.2d 64, 86-87 [59 Cal.Rptr. 206].) Absent a proper objection and request for jury admonition at the trial level, an appellate court will consider misconduct as a ground for reversal only where it can be said it materially contributed to an adverse verdict in a close case, or was such it could not have been cured by timely admonition to the jury. (*People* v. *Varnum*, 70 Cal.2d 480, 488 [75 Cal.Rptr. 161, 450 P.2d 553].) Considered individually, or in combination, we believe the claimed misconduct does not come within either exception to the stated rule.

The judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.

A petition for a rehearing was denied May 18, 1970.