Opinion
 

 STANIFORTH, J.
 

 A jury convicted Carlos Vasquez of first degree robbery (Pen. Code, § 211) and found he used a firearm in the commission of the offense (Pen. Code, § 12022.5). The judge committed him to the California Youth Authority (CYA) for the term prescribed by law. Vasquez appeals contending (1) prejudicial error in instructing the jury and (2) sentencing error in failing to give credit for presentence time served and good time/work time credit. (Pen. Code, §§ 2900.5, 4019.)
 

 Facts
 

 Vasquez entered Chris’s Market where sisters Emilia and Clara Andrade were tending the store. He pulled out a gun, demanded and received $150 from Emilia. He ordered the sisters to the floor, then fled. Vasquez’ entry into the market and his running exit was observed by two witnesses who recognized him from high school days. Vasquez testified to an alibi: he was home watching television at the time of the robbery.
 

 
 *45
 
 Discussion—I
 

 Vasquez asserts trial court error in instructing the jury it could consider his false prior statements (CALJIC No. 2.03)
 
 [1]
 
 and flight (CALJIC No. 2.52)
 
 [2]
 
 in determining innocence or guilt. In face of these contentions, Vasquez points to the precise testimony authorizing the CALJIC No. 2.03 instruction. Detective Copher testified Vasquez told him that on June 2 (the robbery day) he, Vasquez, was at HighlandLandis Park and recalled seeing Tommy Alvarado there. This statement was inconsistent with Vasquez’ trial testimony—his alibi defense and denial of seeing Alvarado on the robbery day.
 

 A juiy could reasonably conclude, from this disconformable testimony touching on the heart of his alibi defense, that Vasquez attempted to mislead the officer in his pretrial statement, therefore it evidenced a consciousness of guilt.
 
 (People
 
 v.
 
 Cooper,
 
 7 Cal.App.3d 200, 205 [86 Cal.Rptr. 499]; see also
 
 People
 
 v.
 
 Rubio,
 
 71 Cal.App.3d 757, 769 [139 Cal.Rptr. 750].)
 

 With respect to Vasquez’ objection to the instruction on flight, the evidence authorized the charge. Two witnesses observed, recognized Vasquez running out of Chris’s Market and hearing the victim Emilia cry the robbery. This evidence clearly shows flight; it may demonstrate consciousness of guilt.
 
 (People
 
 v.
 
 Johnson,
 
 271 Cal.App.2d 616, 623 [76 Cal.Rptr. 768];
 
 People
 
 v.
 
 Hill,
 
 67 Cal.2d 105, 120 [60 Cal.Rptr. 234, 429 P.2d 586].)
 

 If there be error, and we find none, in the giving of the two challenged instructions, it is harmless error
 
 (People
 
 v.
 
 Watson,
 
 46 Cal.2d 818, 836 [299 P.2d 243]) in view of the overwhelming evidence of Vasquez’ guilt.
 

 
 *46
 
 II
 

 The Attorney General concedes that Vasquez is entitled to credit for time served in custody before sentencing to the CYA. This concession is in accord with the express command of the statute (Pen. Code, § 2900.5) and current judicial decisions.
 
 (People
 
 v.
 
 Sandoval,
 
 70 Cal.App.3d 73, 87-91 [138 Cal.Rptr. 609];
 
 People
 
 v.
 
 Olivas,
 
 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375].) The abstract of judgment must be modified to reflect such credit.
 

 Additionally, Vasquez seeks to modify the abstract of judgment to afford him good time/work time credit for the time spent in custody as a presentence detainee. He relies upon Penal Code sections 2900.5 (1978 amendment)
 
 [3]
 
 and 4019 and 4019, subdivisions (b) and (c). Vasquez’ contention has been a golden apple of discord within the appellate courts of this state.
 
 [4]
 

 Penal Code section 2900.5 directs the sentencing judge to give credit for time in local custody before commencement of a sentence to a local or state facility: “(a) In all felony and misdemeanor convictions, . . . when the defendant has been in custody, including but not limited to any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, and including days credited to the period of confinement pursuant to Section 4019, shall be credited upon his term of imprisonment,. . .”
 

 The 1978 amendment to section 2900.5 added as credit against the “term of imprisonment” any time credit award earned for good behavior or work performance directed by Penal Code section 4019. In so amending section 2900.5, the Legislature
 
 did not
 
 concurrently make any change in section 4019. Penal Code section 4019 authorized “work
 
 *47
 
 performance and good behavior time credit” to “certain prisoners,” and reads in part:
 

 “(a) The provisions of this section shall apply in all of the following cases:
 

 “(1) When a prisoner is confined in or committed to a county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp, including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding.
 

 “(2) When a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence, in a criminal action or proceeding.
 

 “(3) When a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp for a definite period of time for contempt pursuant to a proceeding, other than a criminal action or proceeding.
 

 “(b) Subject to the provisions of subdivision (d), for each six-day period in which a prisoner is committed to a facility as specified in this section, one day shall be deducted from his period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.
 

 “(c) For each six-day period in which a prisoner is committed to a facility as specified in this section, one day shall be deducted from his period of confinement unless it appears by'-the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp.”
 

 Vasquez was in custody as a pretrial detainee. He was not a misdemeanant “under a judgment of imprisonment,” nor was he held “as a condition of probation” or “for contempt.” Thus, the plain, explicit language of section 4019 does not include Vasquez in one of the three
 
 *48
 
 classes of local prisoners entitled to credit for work performance/good behavior. A process of judicial amendment of that unambiguous language is necessary to add a fourth class of local prisoners entitled to the work performance/good behavior credit—the presentence detainee.
 

 The same badge for clarity may not be awarded to section 2900.5. In 1978 section 2900.5 was amended as an urgency measure effective June 28, 1978. (Stats. 1978, ch. 304, § 1.) That amendment, inter alia, inserted the phrase “and including days credited to the period of confinement pursuant to Section 4019,” and provides that the credit should be applied to the “term of imprisonment” rather than against the “sentence,” and requires the court imposing the sentence to determine the “date of admission to custody, the date of release from custody,” in addition to “the total number of days to be credited” previously required by section 2900.5. It is significant to note that the reference to section 4019 credits was inserted immediately after the phrase which defined days in custody as “including days served as a condition of probation in compliance with a court order.”
 

 If this amendment interjected an ambiguity in an otherwise plain explicit direction to sentencing courts—felony or misdemeanor—to give credit day for day for presentence custody, then we must search for legislative intent in the statute in light of these familiar rules of construction.
 

 Section 2900.5 must be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.
 
 (Moyer
 
 v.
 
 Workmen’s Comp. Appeals Bd,
 
 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)
 

 A court has no power to omit or extend by a process of construction to include a subject not included within it either by express language or fair implication.
 
 (Spreckels
 
 v.
 
 Graham,
 
 194 Cal. 516 [228 P. 1040];
 
 Vallerga
 
 v.
 
 Dept. Alcoholic Bev. Control,
 
 53 Cal.2d 313 [1 Cal.Rptr. 494, 347 P.2d 909].)
 

 And a statute is to be given meaning consistent with constitutional requirements. If ambiguous language admits of choice, a construction favoring constitutionality will be adopted.
 
 (Braxton
 
 v.
 
 Municipal Court,
 
 10 Cal.3d 138, 140 [109 Cal.Rptr. 897, 514 P.2d 697].)
 

 In conformity with these rules, we examine sections 2900.5 and 4019 in light of the “good behavior and participation” provisions of
 
 *49
 
 article 2.5, Penal Code section 2930-2932. These latter sections embody a statutory scheme, procedures, conditions for reducing a felon’s
 
 total term
 
 of imprisonment “by one-third” for good behavior and participation. This statutory framework for behavior-participation credits for state prisoners was reintroduced in California in 1976 in conjunction with the enactment of the Determinate Sentencing Act.
 

 Penal Code section 2931 provides in part: “(a) In any case in which an inmate was sentenced to the state prison pursuant to Section 1170, or if he committed a felony before July 1, 1977, and he would have been sentenced under Section 1170 if the felony had been committed after July 1, 1977, the
 
 Department of Corrections shall have the authority to reduce the term prescribed under such section by one-third for good behavior and participation consistent with subdivision (d) of Section
 
 1170.2.” (Italics added.) This section specifically authorizes the
 
 “Department of Correc
 
 tions.not the sentencing court to reduce the term prescribed by one-third upon conditions of good behavior/participation.
 

 The “term prescribed” is the term to which the inmate was sentenced. (Pen. Code, § 1170.) It is the lower or middle or upper term as prescribed by statute for the defined crime. Vasquez’ “term prescribed” is the upper term for the crime of robbery, to-wit: five years (Pen. Code, § 213), not five years less credit for time served presentence. We conclude that the explicit language of these statutes when construed in pari materia, compels these conclusions. The CYA, conformable to the precepts of
 
 People
 
 v.
 
 Olivas, supra,
 
 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375], has the authority and the obligation to award Vasquez, if he can establish entitlement under the statutes and regulations, good behavior/performance credit of one-third off his five-year “term prescribed” by law. Failure of the CYA to comply with the statutory requirements would authorize Vasquez after exhaustion of administrative remedies to seek judicial relief.
 
 (In re Muszalski,
 
 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)
 

 If sections 4019 and 2900.5 be construed to require the
 
 trial court
 
 to deduct from a state prison sentence (or the CYA commitment here) good time/work time credit for appropriate behavior during presentence detainment in the county jail, then such inmate receives a
 
 double
 
 credit against his term prescribed—once by the trial court for the presentence custody; a second time by the Department of Corrections (CYA here) when it is authorized by statute to deduct one-third from the
 
 total term.
 
 Thus, Vasquez’ reasoning, rather than avoiding unequal protection of the
 
 *50
 
 law, leads directly in the case of a presentence detainee to an unconstitutional application of these
 
 [5]
 

 The equal protection doctrine presumes that persons similarly situated will receive like treatment under the law.
 
 (In re Gary W., 5
 
 Cal.3d 296, 303-304 [96 Cal.Rptr. 1, 486 P.2d 1201];
 
 Skinner
 
 v.
 
 Oklahoma,
 
 316 U.S. 535 [86 L.Ed. 1655, 62 S.Ct. 1110].)
 

 A pretrial detainee is presumptively innocent, in need of no rehabilitation. He is not similarly situated with the convicted felon whether in prison or serving in local custody as a condition of probation. The custodial, rehabilitative, punitive needs-requirements for each are not the same.
 

 In
 
 McGinnis
 
 v.
 
 Royster,
 
 410 U.S. 263 [35 L.Ed.2d 282, 93 S.Ct. 1055], a New York statutory scheme—virtually identical to California’s statutory scheme—awarded good time credit only to persons imprisoned in county jail under a conviction or imprisoned in state prison under a judgment of conviction. The New York statutes did not provide for good time credit to be earned during presentence detainment and therefore was attacked on the ground it violated equal protection by discriminating against state prisoners unable to afford or otherwise qualify for bail prior to trial.
 
 (Id.,
 
 at p. 268 [35 L.Ed.2d at pp. 287-288].) The United States Supreme Court rejected the contention finding the distinction rationally furthered the legitimate, articulated state purpose of rehabilitation.
 
 (Id.,
 
 at p. 270 [35 L.Ed.2d at p. 289].) The court noted “. . . at state prisons a serious rehabilitative program exists. County jails, on the other hand, serve primarily as detention centers.”
 
 (Id.,
 
 atp. 271 [35 L.Ed.2d atp. 289].)
 

 
 *51
 
 Thus, “significant differences afford the basis for a different treatment within a constitutional framework.”
 
 (McGinnis
 
 v.
 
 Royster, supra,
 
 410 U.S. 263, 271 [35 L.Ed.2d 282, 289].)
 

 Nor does
 
 People
 
 v.
 
 Doganiere, supra,
 
 86 Cal.App.3d 237, compel a different result. That appeal court held the express language of section 4019, subdivision (a)(2), authorized a directive to the trial court to award Doganiere good time/work time credit against his prison term for he had been detained locally as a condition of probation. This differential treatment in award of presentence credits to persons dissimilarly situated offends no constitutional principle.
 
 (McGinnis
 
 v.
 
 Royster, supra,
 
 at p. 271 [35 L.Ed.2d at pp. 289-290].)
 

 The cause is remanded for modification of abstract of judgment to give Vasquez credit for time served presentence. The judgment as modified is affirmed.
 

 Cologne, J„ and Buttermore, J.,
 
 *
 
 concurred.
 

 Respondent’s petition for a hearing by the Supreme Court was denied August 29, 1979.
 

 [1]
 

 CALJIC No. 2.03 was given as follows: “[I]f you find before this trial the defendant made false or deliberately misleading statements concerning the charge upon which he is now being tried, you may consider such statement as a circumstance seeming to prove a consciousness of guilt. But it is not sufficient of itself to prove guilt. The weight to be given to such a circumstance and its significance, if any, are matters for your determination.”
 

 [2]
 

 CALJIC No. 2.52 was given as follows: “[T]he flight of a person immediately after the commission of a crime or after he is accused of a crime that has been committed is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in light of all other proved facts in deciding the question of his innocence or guilt. The weight to which such circumstance is entitled is a matter for the jury to determine.”
 

 [3]
 

 People
 
 v.
 
 Doganiere,
 
 86 Cal.App.3d 237 [150 Cal.Rptr. 61], held the 1978 amendment retroactive in application to all nonfinal judgments.
 

 [4]
 

 The California Supreme Court has granted a hearing in
 
 People
 
 v.
 
 Brown,
 

 *
 
 (Cal.App.);
 
 People
 
 v.
 
 Sage,
 

 *
 
 (Cal.App.), authorizing such credits; and
 
 In re Davis,
 

 *
 
 (Cal.App.), denying such credits.
 

 *
 

 Reporter’s Note: Hearings granted May 30, 1979 (Crim. Nos. 20988, 20997 and 20999). For Supreme Court opinion in
 
 People
 
 v.
 
 Sage
 
 see 26 Cal.3d 498. On June 18, 1980,
 
 People
 
 v.
 
 Brown
 
 and
 
 In re Davis
 
 were retransferred to the Court of Appeal for reconsideration in light of
 
 People
 
 v.
 
 Sage.
 

 [5]
 

 If we assume A and B are charged with identical felonies, wealthy A makes bail and spends not one day in custody presentence; poor B does not make bail, is detained one year presentence. On trial, both A and B are convicted and each sentenced to the same “term prescribed”—three years. These similarly situated inmates, similarly sentenced, would serve
 
 different
 
 periods of total confinement Affluent A would, under section 2931, be entitled to credit from the Department of Corrections of one-third his term or one year. A’s net term is therefore two years. Bail-less B, on the other hand, would receive one-sixth plus one-sixth time off for good time/work time credit or one-third of one year—four months—credit, and in addition B is entitled to section 2931 credit of one-third off his “term” of three years or an additional year off, or in sum total credits of one year, four months on his three-year term. Having served one year presentence on the three-year term, he would have two years’ time remaining on his credit. B’s remaining term in state prison would be only
 
 eight
 
 months. In sum, A who made bail would spend a total of two years in custody; while B would spend only one year, eight months total.
 

 *
 

 Assigned by the Chairperson of the Judicial Council.