[Crim. No. 10171. Third Dist. Jan. 11, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
ALFRED GEORGE HAWLEY, Defendant and Respondent.

942

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, Robert D. Marshall and Karen Ziskind, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Mark E. Cutler, Deputy State Public Defender, for Defendant and Respondent.

## OPINION

PUGLIA, P. J.—In this appeal we determine (1) that a felon committed to state prison is not entitled to good-time/work-time credits (behavior and participation credits) for presentence time in custody under Penal Code section 4019 as incorporated in Penal Code section 2900.5 (all further section references are to the Penal Code); (2) that presentence behavior and participation credits for felons committed to state prison are governed by sections 2930-2932; and (3) that the authority in the first instance for administering the provisions of sections 2930-2932 rests with the Department of Corrections, not the courts.

Defendant pleaded guilty to voluntary manslaughter (§ 192) and was sentenced to state prison on December 12, 1977, for a determinate term of three years (§ 193) with credit for 102 days local presentence custody (§ 2900.5). Thereafter, defendant moved in the trial court for 33 days of behavior and participation credits under sections 2900.5 and 4019. The court granted the motion in part, awarding defendant 15 days of such credit. The People appeal. (§ 1238.5.)

At oral argument, we were advised defendant had been released on parole September 25, 1979. We are not informed of the length of defendant's period of parole. (See § 3000, subd. (a).) We assume in any event that there is no longer a subsisting controversy involving defendant's entitlement to behavior and participation credits. Nonetheless, we proceed to a determination of this appeal on the merits, because the questions resolved herein are of general public interest (*In re Stinnette* (1979) 94 Cal.App.3d 800, 803-804 [155 Cal.Rptr. 912]); they are the identical questions which are presented in a substantial number of appeals and original proceedings now pending in this court and which will continue to arise in this appellate district in the future until finally re-

solved. Although the same issues now pend before the Supreme Court,[1] considerations of judicial administration weigh heavily in favor of a decision here and now. If our decision should conform to that yet to be rendered by the Supreme Court, so much the better; if not, the miscalculation can be repaired without an inordinate drain upon judicial resources so that even a provisional yet immediate resolution of these issues constitutes a net advantage to judicial administration.

We realize that in addressing these issues we are not by any means exploring virgin territory, and we readily acknowledge our debt to those who have traversed this ground before us. We offer no original analyses or unique insights into the problem and accordingly shall not burden this opinion with matter that is repetitive, adding nothing new to the literature. We proceed then to our conclusions and reasons therefor.

## I.

Defendant's claim of entitlement under section 4019 to good behavior and participation credits rests upon the following language of that section:

"(a) The provisions of this section shall apply in all of the following cases:

"(1) When a prisoner is confined in or committed to a county jail ...including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment...."

The foregoing language plainly does not embrace defendant's circumstances. Rather, it applies to those confined in or committed to a county jail under a judgment of imprisonment, that is, those who by definition have been convicted of misdemeanors (§ 17). By no stretch of logic can defendant's presentence incarceration in county jail be deemed a confinement or commitment under a judgment of imprisonment. ■ In short, section 4019, subdivision (a) (1) has no application to felons sentenced to state prison after a period of presentence confinement in local custody.

---

[1]*People* v. *Sage* (Crim. 20997); *People* v. *Brown* (Crim. 20998); *In re Davis* (Crim. 20999); hearings were granted in all three cases May 30, 1979; *People* v. *Galloway* (Crim. 21182), hearing granted October 11, 1979.

Section 2900.5 requires the trial court to credit the terms of imprisonment imposed in "all felony and misdemeanor convictions" with all days of presentence custody *"including days credited to the period of confinement pursuant to section 4019."* (Italics ours.) Section 2900.5 applies both to misdemeanants and felons, including felons committed to state prison. But since section 4019 has no application to this latter category of persons, neither does the underlined portion of section 2900.5 quoted above. Rather it refers to those who are within the contemplation of section 4019 such as misdemeanants sentenced to county jail.

We hold that a felon committed to state prison is not entitled under section 4019 to behavior and participation credits for presentence confinement in local custody. In reaching this conclusion, we have relied and drawn upon the opinions in *People* v. *Vasquez* (1979) 94 Cal. App.3d 42, 47-50 [156 Cal.Rptr. 235], *People* v. *Boyd* (1979) 95 Cal.App.3d 577, 591-592 [157 Cal.Rptr. 293], and *People* v. *Black* (1979) 96 Cal.App.3d 846, 855 [158 Cal.Rptr. 449].

## II.

Sections 2930-2932 provide a comprehensive scheme under which felons incarcerated in state prison can earn behavior and participation credits. Through the reduction of a prisoner's total term by application of earned behavior and participation credits, those provisions operate to equalize the total time in custody of those who were on bail prior to sentence and those who were confined awaiting conviction and sentence.

Credits earned under sections 2930-2932 are applied to reduce the prisoner's total prison term by as much as one-third. The total prison term is the term prescribed by the sentencing court. In the case of a felon who posts bail and avoids presentence confinement, the total prison term, as reduced by any earned credits, is served in prison. However, a felon who is confined pending conviction and sentence necessarily serves a part of his total prison term in local custody by virtue of the presentence credit provisions of section 2900.5. Thus, when his total prison term is reduced under sections 2930-2932 for earned credits, a portion of that reduction may be referrable to the period of presentence local custody; if the maximum reduction of one-third of the term is earned, a full one-third of the period of presentence local custody is necessarily credited.

We conclude that, to the extent earned, the credits provided in sections 2930-2932 apply equally to all sentenced felons whether their terms are served entirely in prison or partly in prison and partly in local custody by virtue of section 2900.5. Our conclusion relies upon the analysis and reasoning of *People* v. *Vasquez, supra,* 94 Cal.App.3d at pages 49-50.

### III.

We have held that the trial court has no authority to award section 4019 credits to felons committed to state prison and that the credits which such persons are eligible to earn are those provided by sections 2930-2932. We now point out that authority to award those credits resides not with the trial court but with the Department of Corrections (§ 2931, subd. (a); *People* v. *Vasquez, supra,* at p. 49; *People* v. *Tanner* (1979) 95 Cal.App.3d 948, 960 [157 Cal.Rptr. 465].) Failure of the department properly to administer the credit provisions in sections 2930-2932 may be the cause of judicial intervention at the instance of an aggrieved prisoner, but only after a showing has been made that the prisoner has exhausted his administrative remedies. (*In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)

### IV.

The judgment (order granting 15 days' credit) is reversed. The trial court on remand is directed to dismiss defendant's motion for such credit as moot.

Regan, J., and Paras, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 6, 1980.