Filed 3/26/14  P. v. Tate CA2/3
Received for posting 5/8/14
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CLARENCE TATE,<br><br>    Defendant and Appellant. | B249195<br><br>(Los Angeles County<br>Super. Ct. No. BA147660) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry and William C. Ryan, Judges.  Affirmed in part, reversed in part and remanded with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Clarence Tate appeals from a post-judgment order of May 14, 2013 which corrected an error in the calculation of his custody credits, including credit for actual custody and conduct credit. We vacate the trial court's calculation of defendant's conduct credit, recalculate the conduct credit, remand with directions, and, in all other respects affirm the order.

Following his arrest on March 22, 1997 and conviction for torture, felony child abuse with a great bodily injury finding, and felony child abuse (Pen. Code, §§ 206, 273a, subd. (a), 12022.7),[1] defendant was sentenced on October 23, 1997 to state prison for life and awarded custody credits. The Court of Appeal remanded the matter, finding error in the sentencing hearing. On September 10, 1999, defendant was sentenced to a life term in state prison with the possibility of parole as to the conviction for torture, nine years as to the conviction for felony child abuse with a great bodily injury finding, stayed, and 16 months as to the conviction for felony child abuse, stayed; and he was awarded 902 days of actual custody credit and 135 days of conduct credit, covering the period of his incarceration from arrest to resentencing.[2]

On April 4, 2013, defendant made a motion in the trial court to correct the custody credit from 902 to 903 days of actual custody and 135 to 136 days of conduct credit. The trial court agreed with defendant and, on May 14, 2013, issued a nunc pro tunc order setting defendant's actual custody credit at 903 days and his conduct credit at 135 days.

Defendant appealed from the order of May 14, 2013. He contends the conduct credits he earned after October 23, 1997, the date he was originally sentenced, must be calculated by the Department of Corrections and

---

[1] All further references are to the California Penal Code unless otherwise specified.

[2] The conduct credit was calculated at 15 percent of 902 days.

2

Rehabilitation, not by the trial court. Respondent agrees with the contention and contends we should correct the trial court's award of conduct credit by replacing the award of 135 days with an award, pursuant to section 2933.1, of 32 days, covering the period from arrest to initial sentencing.[3] Defendant does not disagree with respondent's contention that we correct the trial court's award of conduct credit. We agree with defendant's contention the conduct credits he earned after October 23, 1997 must be calculated by the Department of Corrections and Rehabilitation and respondent's contention we should correct the trial court's award of conduct credit by replacing the award of 135 days with an award of 32 days, covering the period from arrest to initial sentencing.[4]

"Section 2933.1, subdivision (c), provides that 'the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail [or other local facility] following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of *the actual period of confinement* for any person [who is convicted of a felony offense listed in subdivision (c) of Section 667.5].'[5]  (Italics added.)  Thus, a person who spends time in presentence (including pretrial) confinement and is eventually convicted of

_____

[3]     Thirty-two days is 15 percent of the 216 days defendant was in custody from his arrest to his initial sentencing.  (See *People v. Ramos* (1996) 50 Cal.App.4th 810, 815 [the calculation is "the largest whole number of days that [does] not exceed 15 percent"].)

[4]     To the extent defendant asks us to issue an amended abstract of judgment with a copy of this opinion attached, in order to alert the Department of Corrections and Rehabilitation to award defendant conduct credit for the period after his initial sentencing, we direct the trial court to prepare an amended abstract of judgment, but, in all other respects, we decline defendant's request.

[5]     The 15 percent limitation provided in section 2933.1, subdivision (c) applies to defendant, because one of his convictions was for felony child abuse with a great bodily injury finding, an offense listed in section 667.5, subdivision (c).  (§§ 2933.1, subd. (c), 667.5, subd. (c)(8).)

3

a violent offense may earn, as a credit against his prison sentence, no more than 15 percent of the actual time he spent in presentence confinement, regardless of the offenses for which he was charged." (*In re Reeves* (2005) 35 Cal.4th 765, 774, fn. omitted; accord, *People v. Cooper* (2002) 27 Cal.4th 38, 40.) Where a person has been convicted of and sentenced for both qualifying and non-qualifying offenses, "[t]he limitations imposed by section 2933.1(a) [apply], notwithstanding the circumstance that execution of sentence for the qualifying offenses has been stayed pursuant to section 654." (*In re Pope* (2010) 50 Cal.4th 777, 780.)

"[T]he sentencing court [is] to award credits for all days in custody up to and including the day of sentencing . . . and the Department of Corrections to award credits from the day after sentencing to the day before delivery to the department . . . and all days thereafter . . . ." (*People v. Smith* (1989) 211 Cal.App.3d 523, 527.) Once a convicted felon has been sentenced, and is in the custody of the Department of Corrections and Rehabilitation, he is no longer eligible to accrue conduct credits as a presentence detainee. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29-31.) "Once a person begins serving his prison sentence, he is governed by an entirely distinct and exclusive scheme for earning credits to shorten the period of incarceration. Such credits can be earned, if at all, only for time served 'in the custody of the Director' [citation]. . . . [P]rison worktime credits, once earned, may be forfeited for prison disciplinary violations and, in some cases, restored after a period of good behavior. . . . Accrual, forfeiture, and restoration of prison worktime credits are pursuant to procedures established and administered by the Director." (*Id.* at p. 31; accord, *People v. Hawley* (1980) 100 Cal.App.3d 941, 943 [the authority to grant conduct credit to a prisoner in state custody rests in the first instance with the Department of Corrections and Rehabilitation, not with the courts].)

4

During the pendency of an appeal and remand for correction of sentencing, "the inmate's accrual of term-shortening sentence credits can arise only under laws and rules specifically applicable to prisoners in the [Department of Corrections and Rehabilitation's] custody." (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 30.)  Thus, "once the defendant is committed to prison, his custody is thereafter considered service of his sentence, and a remand with respect to a sentence the defendant is already serving does not render him eligible for credits of the presentence kind." (*People v. Johnson* (2004) 32 Cal.4th 260, 266.) " 'It follows that all of defendant's confinement between [the original sentencing hearing and resentencing] was imprisonment in the Director's custody, and such custody counts not as presentence confinement, but as service of his sentence.  (§ 2900.1.)' [*People v. ]Buckhalter*, *supra*, 26 Cal.4th at pp. 33-34.)" (*Id*. at p.  267.)

We conclude the trial court erred in setting defendant's conduct credit at 135 days.  The trial court's authority to award conduct credit extended only to the period prior to defendant's initial sentencing.  After that point, the authority rested in the Department of Corrections and Rehabilitation.  As nothing in the record suggests defendant is disallowed the full amount of conduct credit for time spent in local custody prior to the commencement of his state prison sentence, we should calculate his conduct credit.  (See *In re Marquez* (2003) 30 Cal.4th 14, 25.)  Defendant accrued 32 days of conduct credit for the 216 days he spent in local custody prior to the date he was initially sentenced.  Accordingly, the award of 135 days of conduct credit must be stricken and replaced with an award of 32 days.

**DISPOSITION**

The award of 135 days of local conduct credit is reversed. The matter is remanded to the trial court with directions to correct the judgment to reflect, pursuant to section 2933.1, subdivision (c), that defendant accrued 32 days of work-time credit. The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation a modified abstract of judgment consistent with this opinion. In all other respects, the order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

CROSKEY, J.

ALDRICH, J.

6