Filed 10/15/21  P. v. Stutts CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CODY ROSS STUTTS,<br><br>    Defendant and Appellant. | 2d Crim. No. B304557<br>(Super. Ct. No. 19CR10690)<br>(Santa Barbara County) |

In November 2019, Cody Ross Stutts ran a stop sign and failed to pull over when a sheriff's deputy activated his overhead lights.  Stutts speeded up, ran a second stop sign, and turned right, driving onto the curb.  He accelerated to 60 to 70 miles per hour (mph) on a street with a speed limit of 40 mph. He passed a vehicle by crossing the double yellow lines into oncoming traffic.

After the deputy activated his siren, Stutts turned left against a red light onto Highway 135.  He drove at 85 mph in a posted 65 mph zone.  He yielded to the deputy 1.6 miles after the pursuit began.

After the jury was sworn but before opening statements, the bailiff gave the court a note that Juror No. 3 had concerns about being a juror. After the court and counsel questioned the juror about her ability to understand English, the court declined to discharge her.

The jury convicted Stutts of evading an officer by driving in the direction opposite traffic (count 1, Veh. Code, § 2800.4) and evading an officer with willful or wanton disregard for the safety of persons or property (count 2, Veh. Code, § 2800.2, subd. (a)).[1]

Stutts waived jury trial on the allegation he had suffered a prior "strike" conviction of driving under the influence of alcohol with infliction of great bodily injury (Veh. Code, § 23153, subd. (a), Pen. Code, § 12022.7, subd. (a)). Following a court trial, the trial court found the "strike" allegation to be true (Pen. Code, §§ 667, subds. (d)(1) & (e)(1), 1170.12, subds. (b)(1) & (c)(1), 1192.7, subd. (c)(8)).

The court sentenced Stutts to state prison for the upper term of three years for count 1, and doubled it based on the "strike" for a total of six years. The court stayed the sentence for count 2 pursuant to Penal Code section 654 and ordered the 90-day jail sentence for count 3 to run concurrently.

We appointed counsel to represent Stutts in this appeal. After examining the record, counsel filed an opening brief that raises no arguable issues. We advised Stutts that he

_____

[1] Stutts was also convicted of a misdemeanor violation of driving on a suspended license (count 3, Veh. Code, § 14601.2, subd. (a)) based on a guilty plea he entered before the jury was selected.

had 30 days to personally submit any contentions or issues he wished us to consider.

Stutts filed two supplemental briefs in which he contends: (1) a high term sentence cannot be doubled; (2) his strikes were stricken; (3) he is entitled to conduct credits of one-half rather than one-third; (4) jurors had conflicts of interest, including a juror who said she knew Stutts and his family and another juror who was nervous and passed notes to the bailiff and others; and (5) his appellate counsel is not providing adequate representation. He also requests that (6) he be heard in another court or venue, and (7) he be permitted to file an additional appeal so that he can be resentenced and "get pulled back to county."

These contentions lack merit:

(1) The "two strikes" law authorizes doubling the high term for the principal term imposed for count 1. (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) The limitation of doubling one-third of the middle term applies only to a consecutive subordinate term; it does not apply here because the trial court did not impose a consecutive subordinate term. (*People v. Nguyen* (1999) 21 Cal.4th 197.)

(2) The court found the prior "strike" to be true and the record does not show that it was stricken.

(3) Based on the prior "strike," prison credits are limited by statute to 20 percent. (Pen. Code, §§ 667, subd. (c)(5), 1170.12, subd. (a)(5).) The record does not contain information as to whether Stutts is entitled to receive, or has received, additional credits pursuant to Department of Corrections and Rehabilitation regulations, and does not show that he has exhausted his administrative remedies with the department.

3

(*People v. Hawley* (1980) 100 Cal.App.3d 941, 946.)

(4) The record does not show prejudicial juror misconduct or that the trial court abused its discretion in declining to discharge a juror. (*People v. Collins* (2010) 49 Cal.4th 175, 242; *People v. Hart* (1999) 20 Cal.4th 546, 596.)

(5) Stutts's bare claim that he is not receiving adequate representation is not supported by the record. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003; *In re Spears* (1984) 157 Cal.App.3d 1203, 1210-1211.)

(6) This appeal is properly before this court. (Pen. Code, § 1235, subd. (b); Gov. Code, § 69100, subd. (b); Ct. App., Second Dist., Internal Operating Practices and Proc., Organization of the District.) Stutts has not provided a basis to transfer the appeal to another court.

(7) There is no legal basis for Stutts to file multiple appeals from the same judgment. (*People v. Superior Court (Gregory)* (2005) 129 Cal.App.4th 324, 330.) Because Stutts had a prior serious and violent felony conviction, probation is prohibited and his sentence must be served in state prison. (Pen. Code, §§ 667, subd. (c)(2) & (4), 1170, subd. (h)(3), 1170.12, subd. (a)(2) & (4).)

We have reviewed the entire record and are satisfied that Stutts's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

5

James K. Voysey, Judge

Superior Court County of Santa Barbara

_____

Miriam R. Arichea, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.