[Crim. No. 1905.    Fourth Dist.    Nov. 6, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DALE LEROY DANIELS, Defendant and Appellant.

*Formerly Rules for the Superior Courts, rule 9.

Charles E. Ward, Public Defender, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Charles A. Collins, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant has appealed from a judgment of conviction of possessing a firearm by a felon in violation of Penal Code, section 12021.

In 1949 defendant pleaded guilty to two counts of second degree burglary and was placed on probation; on September 21, 1950 he went into military service where he served for 21 months; on February 16, 1951 his probation was terminated and he was discharged under Penal Code, section 1203.3; his plea of "guilty" was withdrawn, a plea of "not guilty" was entered and the information was dismissed, in accordance with Penal Code, section 1203.4; this section provides that upon dismissal the defendant "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."

In 1952 and 1954 defendant acquired pistols which were registered according to legal requirements. On July 21, 1962, he purchased a revolver in Barstow; this gun was registered that day and he waited six days before taking delivery. The Penal Code required a three-day waiting period for delivery after purchase (Pen. Code, § 12072); also written notice mailed on the day of sale to the State Bureau of Criminal Identification and Investigation at Sacramento and the local police of facts regarding the gun and its purchaser (Pen. Code, § 12077). These procedures were followed in the instant case. It does not appear that any effort was made by public authorities to prevent defendant from taking delivery of the gun.

On August 17, 1962 the local police department questioned defendant about his purchase which he readily admitted and he was thereupon arrested, charged and convicted of violating Penal Code, section 12021 which provides that any per-

son who has been convicted of a felony and who owns or has in his possession a pistol, revolver or firearm capable of being concealed upon the person is guilty of a public offense. No charge had ever been made against defendant under section 12021 for his owning or possessing the pistols which he acquired in 1952 and 1954.

The question presented is whether defendant's discharge and dismissal under Penal Code section 1203.4 constitute a defense to Penal Code, section 12021. This question was answered in the affirmative in 1960 in *People* v. *Taylor,* 178 Cal.App.2d 472 [3 Cal.Rptr. 186]. In 1961, however, the Legislature amended Penal Code, section 1203.4 by adding the following: "Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under section 12021."

Penal Code section 3 provides "No part of it [the Penal Code] is retroactive unless expressly so declared." It is a cardinal rule of statutory construction that every statute will be construed to operate prospectively unless the contrary legislative intention is clearly expressed. This rule is particularly applicable to Penal Code statutes. A statute is given retroactive effect only when there is clearly expressed legislative intent that it is to have that effect. (*Fountain* v. *State Board of Education,* 157 Cal.App.2d 463, 469 [320 P.2d 899].)

There is nothing in the 1961 amendment to Penal Code section 1203.4 which states that that statute has retroactive effect. Thus it must be presumed that the statute operates only prospectively upon dismissals which are granted after the effective date of the statute. (45 Cal.Jur.2d, p. 624.)

It is stated in *DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 172 [13 Cal.Rptr. 369, 367 P.2d 865]:

"It is specifically provided in three of our basic codes that no part thereof is retroactive 'unless expressly so declared.' (Civ. Code, § 3; Code Civ. Proc., § 3; Pen. Code, § 3.) This is a rule of construction originally developed by the courts. In *People* v. *Harmon,* 54 Cal.2d 9, 25 [4 Cal.Rptr. 161, 351 P.2d 329], it was said that section 3 of the Penal Code, *supra,* 'is but a restatement of a "general rule of statutory construction" (*Von Schmidt* v. *Huntington* (1850) 1 Cal. 55, 65) recognized by the Code Commissioners by their cita-

tion of that and kindred cases.' Similar statements appear in *In re Cate,* 207 Cal. 443, 448-449 [279 P. 131], and in *Estate of Potter,* 188 Cal. 55, 65 [204 P. 826].''

The judgment is reversed.

Griffin, P. J. and Coughlin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 30, 1963.