[Crim. No. 10000. Fourth Dist., Div. Two. Nov. 7, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL G. DOGANIERE, Defendant and Appellant.

## COUNSEL

Frank L. Croteau, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield, Jay M. Bloom and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GARDNER, P. J.**—Defendant was placed on probation on condition he serve time in the county jail. He did so, but his full sentence was reduced by good time/work time credited to him pursuant to Penal Code section 4019. Thereafter his probation was violated and he was sentenced to prison. Under Penal Code section 2900.5, the trial court gave him credit for the time actually spent in custody under his prior probation order. However, he also wants credit for the good time/work time he earned under Penal Code section 4019.

Under Penal Code section 2900.5 as it existed at the time of his original sentencing (it has been amended since as we shall see), defendant was entitled to credit only for dates actually spent in custody and not for any credit he might receive against his full term. Under the section as it then read, defendant simply could not get credit for days not served. Under the section as it then read, he could receive credit only for "all days of custody." The trial court so held.

However, a problem arises in the application of a 1978 amendment to Penal Code section 2900.5. (In fairness to the trial judge, it should be noted that the issue was never presented at the trial level.)

█ In 1978, the section was amended to provide for the inclusion of days credited to the period of confinement pursuant to section 4019, i.e., good time/work time credits. The question is, "Does the amendment apply to the defendant?"

Penal Code section 3 provides that no part of the Penal Code is retroactive unless specifically so declared. However, in *In re Estrada*, 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], the Supreme Court carved out an exception of that rule. *Estrada* held that laws granting amelioration in punishment should be held to be retroactive as to nonfinal judgments because it would be presumed the amelioration of the punishment was based on the legislative finding that the former punishment was too severe. It would then follow, reasoned the *Estrada* court, that the lesser punishment should apply to nonfinal judgments because if the new rule were not to be applied retroactively, the conclusion would have to be drawn that the Legislature was motivated by a desire for vengeance or punishment, a purpose inconsistent with modern penological theory.[1]

*Estrada* has already been followed with respect to the previous amendment to section 2900.5 which included within its terms time spent as a condition of probation. In *People* v. *Hunter*, 68 Cal.App.3d 389 [137 Cal.Rptr. 299], the court held this amendment applied to the defendant's judgment which was not final on January 1, 1977.

The Attorney General argues that the present amendment is different, that the extension of the opportunity to earn good time credit is designed to control *future* prison inmate behavior, encourage *future* cooperation in prison programs, and foster *future* inmate self-improvement. We find the Attorney General's argument to be interesting, but unpersuasive.

It appears to us that in applying the principles of *Estrada*, as indeed we must, the Legislature simply intended to give credit for good behavior and in so doing, dangled a carrot over those who are serving time. It

---

[1]*Estrada* was a four-to-three decision. The dissent argued quite bitterly that the majority was guilty of judicial legislation. However, *Estrada* is the law of this state. And, it appears to us to afford simple justice. It would appear to be eminently unfair for a defendant to get 10 years for an offense committed on December 31 and another defendant to get 5 years for the identical offense committed on January 1.

would appear to be fair, just and reasonable to give prisoner A, who has been a model prisoner and by reason thereof served only five months of his six-month sentence, credit for the full six months if we are going to give credit for the full six months to prisoner B, who is recalcitrant, hard-nosed, and spent his entire term violating the rules of the local county jail. Thus, the Legislature has said that not only will we give you credit for time served, we will give you credit for the time you would have served if you had not behaved yourself. Under *Estrada,* it must be presumed that the Legislature thought the prior system of not allowing credit for good behavior was too severe. We hold that the 1978 amendment to Penal Code section 2900.5 should be applied retroactively as to all nonfinal judgments.

Thus, this defendant, via the back door, finds himself entitled to the good time credit which he was denied by the trial court. However, we can see no occasion for the defendant to return to court. The trial court is merely directed to recompute defendant's credit time under Penal Code section 2900.5 as amended and give him credit for good time/work time which time shall be added to the days already credited. Thereafter, the trial court shall forward to the Director of Corrections an amended abstract showing the correct number of days.

As modified, judgment is affirmed.

Kaufman, J., and Morris, J., concurred.

A petition for a rehearing was denied November 30, 1978, and respondent's petition for a hearing by the Supreme Court was denied January 3, 1979.