[Crim. No. 10115. Third Dist. Nov. 14, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
FRED ARZA SMITH, JR., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Laurance S. Smith and Mark E. Cutler, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and Thomas D. McCrackin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**REGAN, Acting P. J.**—This case involves the issue of the application of "good time" and "work time" credits (collectively designated herein as behavior credits) to a defendant as to whom all the following factors apply: (a) he has been convicted of a felony; (b) imposition of sentence has been suspended and probation granted, with the condition that he serve 300 days in a county jail; (c) probation has been violated by

criminal acts in the jail; and (d) probation has been revoked and defendant has been committed to state prison.

The original conviction on May 26, 1978, was for battery upon a police officer in violation of Penal Code sections 242 and 243. The granting of probation and remanding to the sheriff for a jail term of 300 days occurred on July 3, 1978. The violation of probation took place on July 29, 1978, in the county jail when defendant (a) attempted by force to compel another prisoner to participate in an act of oral copulation, in violation of Penal Code sections 664 and 288a; (b) wilfully and unlawfully used force upon the person of another in violation of Penal Code section 242; and (c) wilfully and unlawfully violated the personal liberty of another in violation of Penal Code section 236. On September 6, 1978, the trial court found defendant had violated his probation. On September 18, 1978, probation was revoked and defendant was sentenced to state prison for the term of two years on the original battery conviction.

The court credited defendant with 136 days of "local and county time." This was pursuant to Penal Code section 2900.5, which provides, in pertinent part, for credit for time spent in "custody," including jail time. The section provides that the trial court shall determine "the date of admission to custody."

Defendant's first contention on appeal is a minor one. There is no dispute between the parties over defendant's *entitlement* to simple local "custody" time in jail under Penal Code section 2900.5. It is the *amount* of time which is at issue. Defendant claims he was entitled to 139 days rather than the 136 days of "custody" time given him by the trial court. Defendant points out the probation officer's report (which is in the record) gave the "date of arrest" as March 15, 1978, and the "release" date as May 15, 1978. The report then designates the "time in custody" as 62 days. Defendant also point out that there were 77 days (from July 3, 1978, to September 18, 1978) when defendant was in "custody," representing the date he was placed on probation to the date it was revoked and he was sentenced.

There are two things wrong with defendant's contention as to the "custody" time. First, the period from March 15, 1978, to May 15, 1978, is 61 days, not 62 days. Second, while the trial court did place defendant on probation on July 3, 1978, defendant has ignored the fact

the court stayed the sentence (commencement of probation, i.e., the jail term) for two days.[1] Accordingly, defendant has overlooked three days during which he was properly found by the trial court not to be in "custody" for the purposes of Penal Code section 2900.5. There is no error here.

Defendant's second and major contention is that he was eligible for behavior credits under Penal Code sections 2900.5 and 4019, for the "good time" or "work time" he served in the county jail while on probation.

Penal Code section 2900.5, governing credit for presentence time in jail, contained no provision for credit for good time or work time, as that section read when defendant's offense was committed. (Stats. 1976, ch. 1045, § 2.) On June 28, 1978, an urgency amendment to section 2900.5 became effective, providing for the inclusion of "days credited to the period of confinement pursuant to Section 4019...." (Stats. 1978, ch. 304.) At that time, Penal Code section 4019 provided, in relevant part, as follows: "(a) The provisions of this section shall apply in all of the following cases:

". . . . . . . . . . . . . . . . .

"(2) When a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial, industrial farm, or road camp as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence, in a criminal action or proceeding.

". . . . . . . . . . . . . . . . .

"(b) For each one-fifth of a month in which a prisoner is confined in any of the foregoing cases, one day shall be deducted from his period of confinement for each of the following:

"(1) When it appears by the record that he has satisfactorily performed labor as assigned by the sheriff, chief of police, or

---

[1] This information is found on page 12 of the clerk's transcript on appeal of the judgment entered by the Nevada County Superior Court in case No. 22962 on July 3, 1978. That record is before us in the pending appeal in *People v. Smith*, 3 Criminal 9870. We may take judicial notice of that transcript under Evidence Code sections 452 and 459. (*Saltares v. Kristovich* (1970) 6 Cal.App.3d 504, 511 [85 Cal.Rptr. 866]; *In re Beal* (1975) 46 Cal.App.3d 94, 99 [120 Cal.Rptr. 11].)

superintendent of an industrial farm or road camp, one day shall be deducted from his period of confinement by order of such sheriff, chief of police, or superintendent.

"(2) When it appears, by the record, that he has satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent for the conduct of such prisoners, and that his conduct is reported by the officer in charge of the jail, industrial farm or road camp to have been satisfactory, one day shall be deducted from his period of confinement.

"(3) No deduction may be made for any period of confinement within any calendar month which period is less than one-fifth of such month." (Stats. 1976, ch. 286, § 4.)

Effective January 1, 1979, Penal Code section 4019 was amended. (Stats. 1978, ch. 1218, § 1.) Subdivision (a), quoted above, was not changed. Subdivisions (b), (c), (d) and (e) were amended and added, providing as follows:

"(b) Subject to the provisions of subdivision (d), for each six-day period in which a prisoner is committed to a facility as specified in this section, one day shall be deducted from his period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of any industrial farm or road camp.

"(c) For each six-day period in which a prisoner is committed to a facility as specified in this section, one day shall be deducted from his period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(d) Nothing in this section shall be construed to require the sheriff, chief of police, or superintendent of an industrial farm or road camp to assign labor to a prisoner if it appears from the record that the prisoner has refused to satisfactorily perform labor as assigned or that the prisoner has not satisfactorily complied with the reasonable rules and regulations of the sheriff, chief of police, or superintendent of any farm or road camp.

"(e) No deduction may be made under this section unless the person is committed for a period of six days or longer." (Stats. 1978, ch. 1218, § 1.)

Defendant takes the position that the issue before us is one of retroactivity. He argues the June 28, 1978, (eff.) amendment to section 2900.5 and the January 1, 1979, (eff.) amendment to section 4019 must be applied retroactively to allow him behavior credit for the time he spent in the county jail. His position is founded on decisions which have addressed the issues of retroactivity of these statutes. (*People v. Doganiere* (1978) 86 Cal.App.3d 237 [150 Cal.Rptr. 61]; *People v. Hunter* (1977) 68 Cal.App.3d 389 [137 Cal.Rptr. 299].) These cases hold the statutory provisions here at issue to be retroactive under circumstances which give good time and work time credits for *appropriate behavior* during *presentence detainment* in a county jail.

Another contemporary case, though not dealing directly with retroactivity, did so obliquely by holding on the authority of *Doganiere* that it would be a denial of equal protection of the laws to deny good time credit to a juvenile when an adult could get it. (*In re Maurice S.* (1979) 90 Cal.App.3d 190 [153 Cal.Rptr. 317].)

Defendant does not rely alone upon the cases he has cited pertaining to the particular code sections here at issue. He discusses at length the concept of retroactivity vis-à-vis legislative enactments in general which deal with a lessening of penalties for a crime. In this connection, he relies on *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948].

The Attorney General takes the position the defendant herein is ineligible for behavior credits for several reasons. He notes that the *Doganiere* case is not applicable to defendant since he was placed on probation on July 3, 1978, which was five days after the effective date of the pertinent amendment to Penal Code section 2900.5, and any question of retroactivity is moot. Further, the Attorney General contends, as to section 4019, that the decision in *Doganiere* is wrongly decided since it is based upon what the Attorney General conceives to be the erroneous rationale and decision in *Estrada*. At best, the Attorney General argues, defendant's contention that section 4019 must be given retroactivity "is based upon a rule of construction [*Estrada*]

which is no longer valid" in light of the punishment emphasis of the new determinate sentence law. The Attorney General would rely upon the legislative policy enunciated in Penal Code section 3, which provides that no part of the Penal Code is retroactive unless expressly so declared. He also relies upon the general rule that the Legislature should make its indication clear that a statute is to have retroactive effect before a court should find it to be so. (*People v. Daniels* (1963) 222 Cal.App.2d 99 [34 Cal.Rptr. 844].) He points out the statutes here before us do not have any clear indication of legislative intent as to retroactivity.

The Attorney General's arguments are put to rest by the decision in *Doganiere* which, under the compulsion of *Estrada*, applies Penal Code sections 2900.5 and 4019 to a *probationer* situation which from the standpoint of retroactivity is legally indistinguishable from this case. *Factually,* however, this case contains elements rendering it one in which no behavior credits can conceivably be properly given in the context of the applicable statutory provisions.

It will be noted that Penal Code section 4019, prior to the 1979 amendment, required for behavior credits that it "appears by the record" either that defendant has satisfactorily performed labor as assigned, or that he has satisfactorily complied with reasonable rules and regulations established by the sheriff for conduct of prisoners, and the officer in charge of the jail has reported defendant's conduct to have been satisfactory.

Turning to the 1979 amendment, which we have heretofore found to be applicable, we are dealing with a different *emphasis* in the section. We have quoted above the provision as it read both before and after the date of the amendment (Jan. 1, 1979). Now, unless it "appears by the record" that the prisoner has refused to satisfactorily perform labor as assigned, one day of "work time" shall be deducted for each six-day period of jail confinement, but if it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, the sheriff need not assign labor to a prisoner. In addition, a prisoner is entitled to one day of "good time" credit for each day served in a county jail *unless* it appears "by the record" that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff.

This record is silent on the matters in the code section to which we have adverted concerning either work or rules and regulations pertaining to the jail. We do not know expressly what the rules may be in the county involved. This matters not, however, insofar as this defendant is concerned. ■ It verges on the preposterous for this defendant, under the factual circumstances of his tenure in the jail, to claim he is entitled to "behavior credit." There is no evidence in the record he was assigned any labor; so much for "work time." As to "good time" served, the only conceivable claim he could legitimately make would be to contend the statute (Pen. Code, § 4019) must be rigidly broken into six-day periods (due to subd. (c)) so that for each six days *prior* to his criminal conduct in the jail, he should be given "good time" credit. Defendant attempts such an argument, waiting until his closing brief to do so. We refuse to ascribe what we believe would be an absurd legislative intent to our legislative body. As we read the language of Penal Code section 4019, it is intended under proper circumstances to give one day of "good time" credit to a jail prisoner for each six-day period in jail, but the prisoner is *ineligible* if it appears from the record he has not satisfactorily complied with the reasonable rules and regulations established by the sheriff at all times during his stay in the jail. As to the absence from the record of evidence of what the sheriff's rules and regulations consisted of, we are not concerned. We cannot conceive of any rules and regulations for the governing and operating of any jail which would not be violated expressly or impliedly by the vicious criminal conduct engaged in by this defendant while in jail.

In short, we reject defendant's demands that we order the trial court to recompute his sentence and give him behavior credits.

The judgment (commitment to prison) of September 18, 1978, is affirmed.

Evans, J., concurred.

**REYNOSO, J.**—I dissent. The majority erroneously concludes that the defendant was properly denied good time/work time credits in toto. The good time credit may be denied, says the majority, due to the egregious nature of defendant's conduct while in jail. Likewise, work time credit may be denied because no work was assigned him and consequently none performed.

The majority, I conclude, misconstrues the legislation. (Pen. Code, §§ 2900.5 and 4019.)[1] First, in the case at bench, the trial court must use its discretion to determine how much good time credit will be lost (§ 2900.5, subd. (d)); the statutory scheme gives guidance to the trial court on how to exercise its discretion (§§ 2931 and 2932).[2] Second, work time cannot be lost absent a showing, statutorily prescribed, that defendant declined an offer to work (§ 4019 subd. (b)).

The majority concedes that the good time credit statutes (§§ 2900.5 and 4019) apply retroactively to defendant. They fail to note, however, that the most crucial aspect of retroactivity is that the People now have the burden of moving affirmatively to deny the prisoner good time, as well as work time, credit (§ 4019, subds. (b) and (c)).

What does this mean? With respect to work time, it means that in the absence of a showing that defendant refused to abide by the rules of the jail or refused to perform labor assigned the defendant must be granted credit (§ 4019, subd. (c)). Since it does not appear from the record that defendant refused to work, he is entitled to full work time credit. On the other hand, since, the record does contain evidence of his lack of good behavior, defendant is not entitled to full good time credit (§ 4019, subd. (c)).

The question remains as to how much good time credit should be lost to defendant. Defendant's argument that section 4019, subdivision (c), limits the loss of credits for any rule violation to the one-day credit applicable to the six-day period in which the violation occurs is untenable. However, good time credit may not automatically be revoked in toto. Section 2931 provides guidance for the exercise of the court's discretion; that code section lists the good time credit which can be lost, relating such a loss to activities which vary in seriousness. Thus, the offense of "[p]hysically assaultive behavior" may result in a denial of good behavior credit for up to 30 days (§ 2931, subd. (b)).[3] And section

---

[1] All citations are to the Penal Code.

[2] The Legislature needs to address the manner in which good time/work time is to be implemented in a county jail. The procedures and the loss to good time based on the seriousness of infractions has been prescribed for prison inmates, but not for those in county jail. We are left, absent specific legislation, to the imperfect guidance of the prison-related procedures.

[3] It should be noted that whenever a prisoner commits an offense in violation of the terms of his probation this extreme, he subjects himself to and rightfully should be prosecuted independently for the new crime he has committed. (§ 2932, subd. (c).)

2932, subdivision (a), provides for a maximum of not more than 90 days loss of good behavior credit during an 8-month period of incarceration. What appears clear to me is that the trial court must exercise its discretion in determining the loss of credit; the code sections I have mentioned give it guidance, including a maximum for assaultive and violent behavior.

I would remand. The trial court must calculate how much good time credit should be denied defendant. I would order that defendant be given the statutorily provided work time credit.

A petition for a rehearing was denied December 13, 1979. Reynoso, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied January 24, 1980. Bird, C. J., Tobriner, J., and Newman, J., were of the opinion that the petition should be granted.