[Crim. No. 21388. First Dist., Div. Two. June 23, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
LAVELLE JOHNSON, Defendant and Appellant.

810

COUNSEL

Howard J. Berman, under appointment by the Court of Appeal, and Berman & Glenn, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney

General, Robert R. Granucci and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TAYLOR, P. J.**—Defendant, Lavelle Johnson, appeals from a judgment sentencing him to state prison after his probation was revoked on the ground he had committed new offenses. The court gave him credit for the time he spent in presentence custody, but it awarded him no "conduct credits." (See *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].)[1] We have concluded that the court correctly denied defendant "good/time" credits, but the matter must be remanded to determine whether defendant is entitled to any "work/time" credits.[2]

The major issue is whether a defendant loses all "conduct credits" because he escaped from jail while in presentence custody. ▊ We have concluded that whether a defendant loses all, or merely a portion, of his "good/time" credits is within the discretion of the trial court. A defendant should not automatically be deprived of all "good/time" credits regardless of the point at which, and the circumstances in which, he escaped. ▊ Further, a defendant may not be deprived of "work/time" credits for the entire period of his presentence custody merely because he escaped for a portion of that period. Rather, he is to be deprived of such credits only when the opportunity to work has been properly withheld, e.g., because the defendant has escaped or has been denied work

---

[1]Technically, defendant's claim rests in part on Penal Code sections 2900.5 and 4019, and not solely on the equal protection principles of *Sage*. These sections specifically apply to a commitment to county jail as a condition of probation.

[2]In *People* v. *Sage, supra*, 26 Cal.3d at page 501, the court "collectively referred" to the credits for "work performance" and the credits for "good behavior" as "conduct" credits. (See Pen. Code, §§ 2900.5 and 4019.) Other cases refer to "behavior credits." (See *People* v. *Zuniga* (1980) 108 Cal.App.3d 739, 743 [166 Cal.Rptr. 549]; *People* v. *Smith* (1979) 98 Cal.App.3d 793, 794 [159 Cal.Rptr. 749].) The potential for confusion is apparent, unless, as in *Smith*, the court makes it apparent how it is using the term "behavior credits." (See e.g., *People* v. *Zuniga, supra*, 108 Cal.App.3d at p. 743, where the court uses the term "behavior credits" in one instance and "good/time credits" in another.) We shall use the term "conduct" credits to refer to both types of credits collectively.

because he violated the reasonable rules and regulations of the custodial authority. (See Pen. Code, § 4019, subd. (d).) In other words, a defendant's entitlement to "work/time" credits is a consideration separate from his entitlement to "good/time" credits, in the context of an escape during presentence custody, and neither can be denied for the entire period of presentence custody merely because a defendant escaped at some point during his custody.

On February 19, 1980, defendant was convicted of petit theft with a certain prior conviction. (Pen. Code, § 666.) The court suspended execution of sentence and placed him on three years probation with the condition he serve six months in county jail.

While serving his six months, defendant was given a pass on March 14, 1980, to attend three job interviews. He failed to return at the end of the day and remained at large until taken into custody on March 24, 1980. Defendant was held to answer for various offenses relating to his escape and his arrest. On May 16, 1980, his probation was revoked, and the judgment at issue was entered. The court gave defendant credit for 160 days of presentence custody. This consisted of the 82 days in custody prior to the imposition of probation; the 25 days spent in custody in county jail as a condition of probation prior to his escape; and the 53 days spent in custody after his arrest for escape and up to the time of sentencing.

Defendant incorrectly seeks 53 days credit for his 160 days of presentence custody. As the People note, if he is entitled to conduct credits in full amount, he is entitled to eighty days, or one day for every two spent in custody. (See *People* v. *McMillan* (1980) 110 Cal.App.3d 682, 686 [167 Cal.Rptr. 924].) The People contend that defendant is entitled to no "conduct" credits because he escaped during a portion of his presentence custody.

■ An issue impliedly raised by these contentions is whether a prisoner earns his conduct credits segmentally. If a prisoner gets his credits segmentally, then it would appear that he could "lose" them only for that six-day period in which he refused to work or behave. Thus, in a case such as ours, a prisoner would lose his credits only for that time during which he was an escapee. He would still be entitled to his credits for the remainder of his term during which he was available for work

and behaved. In the present case, such an analysis would mean that defendant would lose credits only for the 10-day period he was an escapee.

All the cases that have considered the issue either expressly or impliedly have rejected this so-called segmental approach. (See *People* v. *Zuniga, supra,* 108 Cal.App.3d at p. 743; *In re Walrath* (1980) 106 Cal.App.3d 426, 430 [164 Cal.Rptr. 923]; *People* v. *Smith, supra,* 98 Cal.App.3d 793, 800 (see also dis. opn. of Reynoso, J.).) We are persuaded that this result is correct. As noted in *In re Walrath, supra,* 106 Cal.App.3d at pages 430-431, the segmental approach would mean that no matter how frequent or serious the acts of misconduct during any six-day period, only one day of credit would be lost for bad behavior. Since the purpose of good behavior credits is to act as an incentive for inmates not to misbehave, the Legislature intended that the sheriff not have to blind himself to the severity or frequency of the misconduct in determining the appropriate sanction.

Several cases leap from a rejection of the segmental approach to the application of what *In re Walrath, supra,* 106 Cal.App.3d at page 431, calls the "'all or nothing'" approach. In *People* v. *Smith, supra,* 98 Cal.App.3d at page 800, the court by a two-one majority concluded that a prisoner is ineligible for "good/time" credits if "it appears from the record he has not satisfactorily complied with the reasonable rules and regulations established by the sheriff at all times during his stay in the jail." Thus, bad conduct at any time, even during the last day of confinement, leads to a loss of "good/time" credits for the entire period of confinement.

*People* v. *Zuniga, supra,* 108 Cal.App.3d at pages 743-744, applied *Smith* in upholding the denial of "good/time" credits for the entire period of presentence custody, even though the defendant had served 156 days in county jail before escaping. The reason for such a result is that a defendant's incentive to behave will be enhanced if he knows that bad behavior at any time during the confinement will result in the loss of all behavior credits.

*In re Walrath, supra,* 106 Cal.App.3d at page 431, rejected both the segmental and "'all or nothing'" approach. In rejecting the latter, the court reasoned that a rule which deprived a defendant of all credits for even the most trivial violation of jail rules would destroy all incentive for good behavior. It adopted a rule which would allow the sheriff discretion to deduct up to 60 days of "good/time" credit (the amount of

credit a prisoner could earn for a one-year jail commitment) for the "period of commitment" in which the bad conduct took place. Thus, the sheriff could deduct all or any part of the credit, "depending on the severity of the misconduct regardless of whether the misconduct occurs at the beginning or the end of the sentence." (See 106 Cal.App.3d at p. 431.)

The *In re Walrath* approach commands the most logical support. It makes no sense to say that a prisoner automatically loses all good/time credit because he might have violated any prison rule or regulation at any time during his period of confinement. Rather, the sheriff, the lower court, or the Department of Corrections, should have discretion to deny good/time credits, or such portion thereof, as warranted by the circumstances.

In the present case, defendant escaped less than a month after he was confined in county jail; he remained at large for 10 days of his 6-month confinement; and he committed new offenses when taken into custody. Under such circumstances, we find no abuse of discretion in denying defendant good/time credits for the entire period of his confinement.

The matter of work/time credits remains to be decided. At one time Penal Code section 4019 provided that work/time credits should be given "[w]hen it appears by the record that [the defendant] has satisfactorily performed labor as assigned . . . ." (See Stats. 1976, ch. 286, § 4, p. 595.) However, the section now reads that the credit shall be given "unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned . . . ." (See Stats. 1978, ch. 1218, § 1, p. 3941.)

In *People* v. *Smith, supra*, 98 Cal.App.3d at page 800, the court denied work/time credits in the following language: "There is no evidence in the record he was assigned any labor; so much for 'work time.'" However, sentencing in *Smith* occurred under former section 4019, which required the record to show that the prisoner had satisfactorily performed such labor. . As the dissent notes, the new section requires that the credit be given *unless the record shows* the defendant is not entitled to it. (See 98 Cal.App.3d at p. 801.)

*In re Walrath, supra*, 106 Cal.App.3d 426, applies *Smith*, and states that inasmuch as defendant did not allege the number of days he had worked, or that the sheriff improperly denied him the opportunity to

work, the court must assume the loss of work/time was due to the fact the sheriff had not assigned him work for a valid reason under section 4019, subdivision (d).[3]

We think that the burden is on the sheriff or the People to show that a defendant is not entitled to work/time credits. *Smith* is not determinative, as it applies the old statutory provision. *In re Walrath* is not determinative, as it either follows *Smith*, or reaches its result because it involves a petition for a writ of habeas corpus, and not an appeal. However, when, as here, the issue is raised on appeal (or, when it arises before the Department of Corrections), the defendant should be given work/time credits unless the record shows he is not entitled to them.

■ In the present case, defendant was not properly denied all work/time credits merely because he escaped during a portion of this confinement. (See *People* v. *Zuniga, supra*, 108 Cal.App.3d at p. 743.) He may be entitled to such credits for that portion of time prior to his escape, or to some portion after his rearrest, assuming he did not refuse to satisfactorily perform labor and complied with the reasonable rules and regulations of the confining authority. (Pen. Code, § 4019, subds. (b) and (d).) We hold that the mere fact he escaped cannot serve as the basis for automatically denying him work/time credits for the entire period of his confinement, but rather, that the grant or denial of such credits must be based on the standards set forth in section 4019, subdivisions (b) and (d). We further hold that the burden is on the People to show in the record that defendant is not entitled to such credits. If the record fails to show that defendant is not entitled to such credits by virtue of the provisions of subdivisions (b) and (d), he shall be granted them.

---

[3]Penal Code section 4019, subdivisions (b) and (d), provides: "(b) Subject to the provisions of subdivision (d), for each six-day period in which a prisoner is committed to a facility as specified in this section, one day shall be deducted from his period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp ... [¶] (d) Nothing in this section shall be construed to require the sheriff, chief of police, or superintendent of an industrial farm or road camp to assign labor to a prisoner if it appears from the record that the prisoner has refused to satisfactorily perform labor as assigned or that the prisoner has not satisfactorily complied with the reasonable rules and regulations of the sheriff, chief of police, or superintendent of any industrial farm or road camp."

The judgment is affirmed. The matter is remanded for the sole purpose of having the lower court determine the extent to which, if any, defendant is entitled to work/time credits.

Rouse, J., and Miller, J., concurred.

A petition for a rehearing was denied July 23, 1981, and the opinion was modified to read as printed above.