Filed 7/8/15  P. v. Fleury CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sierra)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SKY FLEURY,<br><br>    Defendant and Appellant. | C076800<br><br>(Super. Ct. No. CR03144X) |

Defendant Sky Fleury pleaded guilty to driving under the influence of alcohol (DUI) (Veh. Code, §§ 23152, subd. (a), 23550.5) and was placed on probation for a period of five years.  As part of his probation, defendant was ordered to serve 365 days in county jail.  While in jail, defendant arranged for another inmate to intentionally break his arm so that he would be moved to a different facility.  The trial court revoked defendant's probation.  At a post-probation revocation sentencing hearing, the trial court

1

ordered defendant to pay $899.28 in restitution to the Sierra County Sheriff's Department (Sheriff's Department) for medical expenses and denied 71 days of "good time" conduct credit that he would have otherwise received.

Defendant raises two contentions on appeal. First, he contends the trial court erred in ordering him to pay restitution to the Sheriff's Department for his medical expenses. The People agree and we do too.

Second, defendant contends the trial court failed to exercise its discretion when it denied all of his good time credit, rather than just denying a portion of the credit. We conclude this second contention lacks merit.

We will modify the judgment to strike the restitution order and affirm the judgment as modified.

BACKGROUND

Defendant was the driver in a single car accident on September 23, 2013. California Highway Patrol officers found a nearly empty bottle of vodka and an empty beer can in the car. Defendant's blood-alcohol content was 0.20 percent.

The People charged defendant with felony DUI within 10 years of a prior felony DUI (Veh. Code, §§ 23152, subd. (a), 23550.5; count one) and driving with a blood-alcohol concentration of 0.08 or higher (Veh. Code, §§ 23152, subd. (b), 23550.5; count two). The complaint also alleged that defendant had served a prior prison term. (Pen. Code, § 667, subd. (b).)[1] Defendant pleaded guilty to count one in exchange for dismissal of count two and the prior prison term enhancement allegation. As part of the plea agreement, the parties agreed defendant would be placed on probation.

The trial court suspended imposition of sentence and placed defendant on probation for five years with various terms and conditions, including that defendant serve

---

[1] Undesignated statutory references are to the Penal Code.

2

365 days in county jail. The trial court awarded defendant a total of 77 days of custody credit (39 actual days, plus 19 "good time" days and 19 "work" days).

The probation department filed a petition for revocation or modification of defendant's probation on March 24, 2014. The petition alleged that on February 17, 2014, while serving time in the Shasta County Jail, defendant arranged for another inmate to intentionally break his arm so that he would be moved to another facility. The petition alleged that defendant lied about his injury to jail officials, claiming that it was the result of an accident. The petition also alleged that defendant believed his injury would give him grounds to sue Sierra County.[2]

A probation revocation hearing was held on April 25, 2014. At the hearing, Sierra County Jail inmate Robert Wharff testified that defendant asked Wharff to break his arm so that defendant could be transferred to another facility. Defendant testified that Wharff conceived the plan to break his arm. Defendant explained that he went along with the plan because he wanted to be transferred, particularly after an inmate in a neighboring jail cell committed suicide, and defendant "had to sit and watch and see his dead body all night long in front of [his] cell." The trial court revoked defendant's probation.

Defendant appeared for sentencing a second time on May 9, 2014. At the second sentencing hearing, defendant waived his right to a restitution hearing and stipulated to a restitution order of $899.28 in favor of the Sheriff's Department for medical expenses incurred in the treatment of defendant's broken arm.

Prior to resentencing, defense counsel argued for leniency, stating: "I do believe that the defendant's conduct that caused the basis for the violations, as he so indicated, the conduct was the result of his not being clear headed. And, also, I think from the

---

[2] The petition sought revocation of defendant's probation pursuant to *People v. Pinon* (1973) 35 Cal.App.3d 120, on the ground that defendant had "demonstrated to the trial court that he is unfit to be at large." (*Id.* at p. 123.)

3

trauma of seeing the unfortunate suicide we had, that he was a firsthand witness to, I think that probably was part of his judgment as to the rationality to involve himself in such a scheme to get transferred somewhere else."

The trial court sentenced defendant to the upper term of three years in state prison, stating: "[T]he defendant, when he was incarcerated on his probationary term, chose to -- and I'm reading from the evaluation of probation report -- he chose to violently injure himself to avoid custody time in Sierra County Jail, and then blame it on another inmate at the time he testified at the hearing on the violation of probation. So the defendant states the injury, then blames someone else for doing it, and apparently anticipated suing the county as well."

With respect to presentence custody credits, the trial court explained: "The defendant is given credit for 142 days of actual jail time. Normally we would then give the defendant good-time credit of 71 days, and work-time credit of 71 days pursuant to Penal [Code] Section 4019(b). I do give the defendant his work-time credit of 71 days. However, I believe that the defendant has performed unsatisfactorily on probation and is not entitled to any good time credit. I deny the 71 days of good time credit that the defendant would normally have received. [¶] Penal Code Section 2933(c) states that credit is a privilege, not a right. Credit must be earned and may be forfeited pursuant to Penal Code Section 2932. [¶] Section 2932 provides that defendants may lose good time credits on sentence for a particular act, regardless as to whether it is prosecuted or not. And it does appear appropriate to withhold the good-time credits in light of defendant's actions in jail. [¶] So the defendant has actual time credits of 142 days. I give him work-time credits of 71 days, for a total of 213 days on this sentence." Defendant did not object to the denial of good time credit.

4

DISCUSSION

I

Defendant argues, and the People agree, that he cannot be ordered to pay restitution to the Sheriff's Department because the Sheriff's Department was not a direct victim of his crime. We agree with the parties.

"Section 1202.4 declares 'the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime.' [Citation.] Accordingly, with specified exceptions, 'in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims . . . .' [Citation.] Absent extraordinary and compelling reasons [citation], restitution 'shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct' [citation], and must include, but is not limited to, such costs as the value of stolen or damaged property, as determined by repair or replacement value [citation], medical expenses [citation], and '[w]ages or profits lost due to injury incurred by the victim' [citation].

"For purposes of section 1202.4, a 'victim' is defined to include, among others, the actual victim's immediate surviving family [citation], as well as specified relatives of the actual victim, and present and certain former members of the victim's household, who sustained economic loss as a result of the crime [citation]. A 'victim' also includes '[a]ny corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity *when that entity is a direct victim of a crime*.' [Citation].

"The case law has ascribed a precise meaning to the phrase 'direct victim,' as that phrase has appeared in several restitution statutes. Thus, it is established that a statute 'permitting restitution to entities that are "direct" victims of crime [limits] restitution to

5

"entities against which the [defendant's] crimes had been committed" -- that is entities that are the "immediate objects of the [defendant's] offenses." [Citation.]' [Citations.]" (*People v. Runyan* (2012) 54 Cal.4th 849, 856.)

In this case, the parties agree that the Sheriff's Department was not the immediate object of defendant's DUI offense. Defendant's medical expenses were entirely unrelated to the crime for which he was convicted, and he was neither charged nor convicted of any crime arising from the violation of his probation. Accordingly, we agree that the Sheriff's Department was not a direct victim of defendant's crime and we will strike the restitution order as unauthorized.

Because we conclude the restitution order was unauthorized, we need not address defendant's alternative claim that his trial counsel rendered ineffective assistance by failing to object in the trial court.

## II

Defendant next contends the trial court erred by denying all of his good time credit (71 days) as a penalty for his conduct in jail. Defendant argues the trial court failed to appreciate the scope of its discretion to deny a portion of his good time credit as a sanction for misconduct, instead of denying all of it. We are not persuaded.

Section 4019 is the general statute governing presentence custody credit. Under section 4019, absent contrary authority, "a defendant receives what are commonly known as conduct credits toward his term of imprisonment for good behavior and willingness to work during time served prior to commencement of sentence. [Citations.] (*People v. Thomas* (1999) 21 Cal.4th 1122, 1125.)

In *People v. Lara* (2012) 54 Cal.4th 896 (*Lara*), the California Supreme Court explained: "A defendant is entitled to presentence conduct credits under section 4019 'unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned' (*id.*, subd. (b)) or has 'not satisfactorily complied with the reasonable rules and regulations established by the [local custodial authority].' (*Id.*, subd. (c)

6

[current and former versions of statute identical in these respects].) The court awards such credits at the time of sentencing (§ 2900.5, subd. (a)), not as an exercise of discretion, but based on the sheriff's report of 'the number of days that [the] defendant has been in custody and for which he or she may be entitled to credit,' and only after hearing any challenges to the report. (Cal. Rules of Court, rule 4.310.) When the People claim the defendant has forfeited credits through misconduct, the People have the burden of proof. (*People v. Johnson* (1981) 120 Cal.App.3d 808, 815[(*Johnson*)].) The court's resolution of such a dispute is reviewable for abuse of discretion, and the court enjoys some discretion in determining the amount of credit to be withheld for a serious act of misconduct. (*Id.* at p. 811; see [citation].) But no authority suggests the court's discretion in the matter is so broad as to permit it to withhold conduct credits from a prisoner who has satisfied the statutory prerequisites and is entitled to receive them, or to grant credits to a defendant who is ineligible to receive them by reason of misbehavior or statutory disability." (*Lara*, at p. 903, fn. omitted.) A defendant in a criminal case "is entitled to due process in the award of credits, which in this context entails sufficient notice of the facts that restrict his ability to earn credits and, if he does not admit them, a reasonable opportunity to prepare and present a defense." (*Id.* at p. 906.) In this case, defendant admitted facts supporting a denial of good time credit when he acknowledged that he intentionally broke his arm at the parole revocation hearing.

California courts have applied various approaches to the denial of conduct credit as a sanction for misconduct. (See *People v. Smith* (1979) 98 Cal.App.3d 793, 800 (*Smith*) [adopting the "all-or-nothing" approach] and *In re Walrath* (1980) 106 Cal.App.3d 426, 431 [rejecting the "all-or-nothing" approach in favor of the "ratio approach"].) The First Appellate District, Division 2, surveyed these approaches in *Johnson*, *supra,* 120 Cal.App.3d 808.

In *Johnson,* the defendant was convicted of petty theft with a prior. (*Johnson, supra*, 120 Cal.App.3d at p. 812.) The trial court suspended execution of sentence and

7

granted three years' probation with a condition that the defendant serve six months in county jail. (*Ibid*.) Twenty-five days later, the defendant escaped from jail. He was taken back into custody after 10 days and held to answer for "various offenses relating to his escape and his arrest." (*Ibid*.) The trial court revoked probation and sentenced the defendant to state prison. (*Id.* at pp. 811-812.) The court gave the defendant credit for 160 actual days in presentence custody, but awarded no conduct credits. The 160 days consisted of 82 days the defendant spent in jail prior to the grant of probation, 25 days he spent in jail as a condition of probation before the escape, and 53 days from his arrest for escape up to the time of sentencing. (*Id.* at p. 812.)

The court in *Johnson* rejected both the "segmental approach" under which a defendant loses conduct credits "only for that six-day period in which he refused to work or behave," as well as the " 'all-or-nothing' " approach under which "bad conduct at any time, even during the last day of confinement, leads to a loss of 'good/time' credits for the entire period of confinement." (*Johnson, supra*, 120 Cal.App.3d at pp. 812-813, citing *Smith, supra*, 98 Cal.App.3d at p. 800 [rejecting segmental approach and applying all-or-nothing approach] and *People v. Zuniga* (1980) 108 Cal.App.3d 739, 743-744 [same].) The court in *Johnson* explained: "It makes no sense to say that a prisoner automatically loses all good/time credit because he might have violated any prison rule or regulation at any time during his period of confinement. Rather, the sheriff, the lower court, or the Department of Corrections, should have discretion to deny good/time credits, or such portion thereof, as warranted by the circumstances" and "deduct all or any part of the credit, 'depending on the severity of the misconduct regardless of whether the misconduct occurs at the beginning or the end of the sentence.' " (*Johnson*, at p. 814.) The court in *Johnson* went on to note that the defendant had "escaped less than a month after he was confined in county jail; he remained at large for 10 days of his 6-month confinement; and he committed new offenses when taken into custody." (*Ibid.*) Under such circumstances, the court held that the trial court did not abuse its discretion

8

when it denied the defendant "good/time credits for the entire period of his confinement." (*Ibid.*)

Here, defendant contends the trial court erroneously applied an "all-or-nothing" approach in denying all of his good time credits, and failed to appreciate its discretion to deny only a portion of them. According to defendant, the trial court "should have made a more nuanced determination," taking into consideration the "extenuating circumstances" which led to defendant's violation and the fact that he only injured himself.

Contrary to defendant's contention, however, nothing suggests that the trial court was unaware of its discretion to deny some, rather than all, of defendant's good time credits. Although the trial court stated that "the defendant has performed unsatisfactorily on probation and is not entitled to any good time credit," the court's comments do not establish any misunderstanding as to the scope of its discretionary authority. To the contrary, the record indicates that the trial court considered, but was not persuaded by, defense counsel's discussion of "extenuating circumstances," and viewed the denial of credits as "appropriate" under all of the circumstances. While defendant argues that the trial court should have given greater weight to the fact that he only misbehaved once, and injured only himself, in response to the suicide of a neighboring inmate, such differences of opinion do not establish an abuse of discretion.

We cannot infer, on the basis of the record before us, that the trial court failed to appreciate, or abused, its discretion in denying defendant's good time credits as a sanction for his misconduct. (*People v. Henson* (1991) 231 Cal.App.3d 172, 182 [lower court is presumed to perform its official duty in the absence of proof to the contrary].)

DISPOSITION

The judgment is modified to strike the restitution order. The judgment is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment

9

reflecting the judgment as modified and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

      MAURO      , J.

We concur:

      BLEASE      , Acting P. J.

      RENNER      , J.