Filed 8/29/22  P. v. Rupe CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F083979 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF56582) |
| EMANUEL ERICQ RUPE, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Snauffer, J., and DeSantos, J.

## STATEMENT OF APPEALABILITY

Emanuel Rupe appeals, pursuant to Penal Code[1] section 1237, subdivision (b), after the superior court found that he violated his probation on December 20, 2021. This appeal is from an order that finally disposes of the issues between the parties.

## STATEMENT OF THE CASE

On January 14, 2019, Rupe pleaded guilty to a violation of section 245, subdivision (a)(1), assault with a deadly weapon (knife). He was placed on formal probation for five years and given 218 days in county jail as a condition of probation. Various other terms and conditions were imposed.

One of Rupe's probation conditions required that he "abstain from the use of alcohol and not be present in any establishment where the primary items for sale are alcoholic beverages, and do not possess alcoholic beverages." He tested positive for alcohol on January 10, 2020, February 10, 2020, March 2, 23, and 30, 2020, and April 6, 13 and 20, 2020.

On April 5, 2021,[2] Rupe admitted the violations as alleged. On May 13, probation was revoked, reinstated, and modified. The probation termination date was set at December 18. He waived his right to custody credits pursuant to *People v. Johnson* (2002) 28 Cal.4th 1050 and *People v. Zuniga* (1980) 108 Cal.App.3d 739. He was ordered to serve 52 days in custody, with credit for 52 days, and was directed to enroll in and successfully complete the Daily Reporting Center (DRC) program.

On October 28, Rupe was charged with violating three of his probation conditions: (1) He tested positive for alcohol on August 31 and October 5; (2) He failed to submit to drug and alcohol testing as ordered on October 12 and 18; and (3) He failed to enroll in

---

[1] All statutory references are to the Penal Code.

[2] Subsequent references to dates are to dates in 2021 unless otherwise stated.

and complete the DRC program successfully. (He enrolled in the DRC on May 19 and was discharged as unsuccessful on October 21.) Rupe denied the allegations.

On November 24, there was a contested hearing on the alleged violations of probation. Both his probation officer, James Pedro, and Rupe testified at the hearing. The allegations of probation violations were sustained as charged. On December 20, Rupe was ordered to serve the remainder of his term of probation in custody in the county jail. Upon completion, his probation was to be terminated unsuccessfully.

On February 18, 2022, Rupe filed a timely notice of appeal.

## STATEMENT OF FACTS

### People's Case

Probation Officer James Pedro was Rupe's supervising probation officer from August 2021 onward. He testified that Rupe knew his probation conditions including, among other things, that he was to abstain from alcohol.

Rupe tested positive for alcohol on August 31 and October 5. During an October 5 conversation with Pedro, Rupe admitted he had been drinking on both dates. He was ordered to appear and submit to alcohol testing on October 12 and 18 but did not. In May 2021, Rupe had been ordered to report to the DRC daily. Between May and October, he had complied with the testing requirement.

Rupe also failed to report for ten DRC appointments. Pedro could not pinpoint the exact date Rupe stopped going to the DRC, but as Rupe was discharged on October 21, it likely was in early October. DRC enrollees are discharged if they fail to appear on sequential dates. Pedro was familiar with the DRC's alcohol testing procedures. On the designated testing day, enrollees are tested by a DRC employee in one of the restrooms. Pedro did not witness the August drug test, but he knew that the DRC employee generally has the enrollee provide a urine sample. The DRC employee then seals the container and sends it to toxicology.

Pedro conducted Rupe's October 5 test. When Pedro tested Rupe on October 5, he watched him urinate, sealed the cup in Rupe's presence, and sent the sample to Redwood Toxicology. He received an email report from them indicating a positive test.

Pedro did not know that Rupe was placed at the Columbia Inn for a time. He was moved to Long Barn a few days before or after August 18. Rupe did not have a vehicle, but transportation to all probation services was part of the program. Someone went to Long Barn every day to pick him up and take him to the DRC. Pedro did not have the transportation logs to support this, as they were program materials.

**Defense**

Rupe affirmed that he was placed at Columbia Inn, then Heritage Inn, then back at Columbia, then at Long Barn during the relevant period. He could walk from Columbia Inn to the testing site in two and a half hours. Around August 18, he was moved to Long Barn. A friend in the program would drive him from Long Barn to the testing site. He would take a bus back to Mewuk then walk to Long Barn.

Sometime before October, Rupe's friend was moved elsewhere so he no longer had a ride. There was a bus from Twain Hart (where he lived at that point) to Mewuk that left at 10:00 a.m. He arrived at the Walmart at 10:30 a.m. and walked to the testing site. When he arrived at the testing site at 11:00 a.m., he was told he was too late. Probation moved him to these various locations and paid for his lodging. No one offered him a ride to the testing site.

Rupe also testified that the testing site required him to come in and give a urine sample. Someone would leave the room with the jar. Rupe acknowledged Pedro did perform the test correctly on October 5. Pedro did the paperwork and sealed the jar in his presence.

The night before October 5, he had a sabbath meal with his rabbi that ended with the traditional glass of wine which Rupe referred to as "communion." He talked to someone with the probation department named Jesus who told him this would not count

4.

against him – that he would be tested two days later. The wine was always given at the end of the sabbath meal as a digestive aid. It was the same every sabbath evening. Rupe assumed that Jesus told Pedro about the practice.

Rupe did not ask Pedro for transportation because he did not have contact with him when he was at Long Barn and Twain Hart. It was a 10 to 20 minute walk from the testing site to the probation department to report his transportation problem. On the day he was told he was too late, he went to the probation department and asked to speak with Pedro. Rupe was told he was out. He told the secretary at the desk about the transportation issue but did not follow up.

## APPELLATE COURT REVIEW

Rupe's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating appellant was advised he could file his own brief with this court. By letter on June 23, 2022, we invited Rupe to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Rupe.

## DISPOSITION

The trial court's December 20, 2021, order is affirmed.